KINDER, J.
*775 This action arises from a home mortgage foreclosure. The plaintiff, mortgagor Anthony Giannasca, brought the underlying complaint seeking, among other things, a declaratory judgment that defendant Deutsche Bank National Trust Company (Deutsche Bank) had no enforceable mortgage interest in Giannasca's property at 9 Joseph Street in Medford (property). Specifically, Giannasca *776 claimed that the assignment of his mortgage from the original mortgagee, Mortgage Electronic Registration Systems, Inc. (MERS), to Deutsche Bank was invalid and that, as a consequence, Deutsche Bank had no mortgage interest to foreclose upon. A Superior Court judge disagreed and allowed summary judgment in favor of Deutsche Bank. Giannasca challenges that conclusion on appeal. We affirm.
Background. We summarize the facts contained in the summary judgment record in the light most favorable to Giannasca. See Barrasso v. New Century Mtge. Corp. 91 Mass. App. Ct. 42, 43, 69 N.E.3d 1010 (2017). In November 2005, in connection with his purchase of the property, *1258 Giannasca executed a promissory note in the amount of $332,500 in favor of IndyMac Bank, F.S.B. (IndyMac), and a mortgage to secure repayment of the loan. MERS was named as the mortgagee, "solely as a nominee for Lender [IndyMac] and Lender's successors and assigns." The mortgage instrument further stated, "Borrower does hereby mortgage, grant and convey to MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS, with power of sale" the property. In 2005, the promissory note was pooled with other such instruments in a securitized trust, IndyMac INDX Mortgage Loan Trust 2005-AR33 Mortgage Pass-Through Certificates, Series 2005-AR33. Deutsche Bank was trustee for the trust. The pooling and servicing agreement provided that IndyMac transferred its interest in each mortgage loan without recourse to IndyMac MBS, Inc., which, in turn, transferred those interests to Deutsche Bank.
In 2008, IndyMac failed and the Federal Deposit Insurance Corporation (FDIC) was appointed receiver of its assets and obligations. In 2009, the FDIC sold the assets of IndyMac to OneWest Bank, F.S.B. In December 2011, MERS, acting "solely as nominee for IndyMac Bank, F.S.B.," assigned the "[m]ortgage ... executed by ... Giannasca" to Deutsche Bank.
On October 5, 2011, Giannasca filed a petition for personal bankruptcy. On January 7, 2013, he filed a notice of intent to surrender the property "to the mortgagee, [OneWest Bank, F.S.B.]"[3] On November 18, 2013, the bankruptcy trustee filed a notice of *777 intent to abandon the property because it had no equity. The property had a fair market value of $244,700, but the outstanding mortgage debt was $415,686.48. On December 3, 2013, Giannasca's personal liability on the debt was discharged in the bankruptcy proceeding.
In a letter dated January 30, 2015, after Giannasca failed to make five consecutive mortgage payments, Deutsche Bank's loan servicer notified him of his right to cure the past due amount within 150 days. Giannasca failed to do so, and Deutsche Bank commenced foreclosure proceedings in September 2015.
In April 2016, Giannasca filed a complaint in the Superior Court seeking, among other things, declaratory relief that Deutsche Bank had no enforceable mortgage interest in the property. Ultimately, on cross motions for summary judgment, a Superior Court judge allowed summary judgment in favor of Deutsche Bank, reasoning that Giannasca's filing of a notice of intent to surrender the property in the bankruptcy action estopped him from contesting the foreclosure. The judge also concluded that the assignment of the mortgage interest to Deutsche Bank was valid. On appeal, Giannasca challenges only the validity of the assignment.
Discussion. Giannasca claims that the assignment to Deutsche Bank was invalid because IndyMac, on whose behalf MERS purported to act when it assigned the mortgage, did not, because of its 2009 dissolution, have any interest in the mortgage at the time of the assignment.[4] We *1259 review a grant of summary judgment de novo, and determine "whether, viewing the evidence in the light most favorable to the nonmoving party, all material facts have been established and the moving party is entitled to a judgment as a matter of law." Augat, Inc. v. Liberty Mut. Ins. Co., 410 Mass. 117, 120, 571 N.E.2d 357 (1991).
"[A] foreclosing mortgagee must demonstrate an unbroken chain of assignments in order to foreclose a mortgage, see U.S. Bank Natl. Assn. v. Ibanez, [458 Mass. 637,] 651 [941 N.E.2d 40] [2011], and ... that it holds the note (or acts as authorized agent for the note holder) at the time it commences foreclosure, see Eaton [v. Federal Nat'l Mtge. Ass'n, 462 Mass. 569, 586, 969 N.E.2d 1118 (2012) ], [but] nothing in Massachusetts law requires a foreclosing mortgagee to demonstrate that prior holders of the record legal interest in the mortgage *778 also held the note at the time each assigned its interest in the mortgage to the next holder in the chain." Sullivan v. Kondaur Capital Corp., 85 Mass. App. Ct. 202, 210, 7 N.E.3d 1113 (2014).
For a mortgagor to have standing to challenge an assignment purporting to give a foreclosing mortgagee legal title and the authority to conduct a foreclosure sale, a mortgagor must claim the assignment was void and not merely voidable. See Sullivan, 85 Mass. App. Ct. at 206 n.7, 7 N.E.3d 1113. Whether a mortgage assignment in Massachusetts is valid or void is determined by statute. See G. L. c. 183, § 54B. See also Bank of N.Y. Mellon Corp. v. Wain, 85 Mass. App. Ct. 498, 503, 11 N.E.3d 633 (2014). If the assignment is (1) made by the mortgage holder or its representative, (2) executed before a notary public, and (3) signed by an authorized employee of the mortgage holder, it is effective to pass legal title and "cannot be shown to be void." Id.
Here, it is undisputed that the assignment was executed by an authorized employee of MERS, and that the execution was verified by a notary public. Giannasca has not shown, and nothing in the record suggests, that MERS was not a representative of the legal mortgage holder at the time of its assignment to Deutsche Bank. Pursuant to the pooling and servicing agreement, IndyMac transferred its interest in Giannasca's mortgage loan to Deutsche Bank in 2005, long before IndyMac's failure. Thus, in 2005 Deutsche Bank became the successor to IndyMac's interest in Giannasca's mortgage loan. Because the mortgage instrument gave MERS the authority to act as representative of IndyMac or its "successors or assigns," MERS had the authority to represent Deutsche Bank in the 2011 assignment. The assignment was therefore valid, and not void. Accordingly, "[b]ecause the record title holder of the mortgage satisfied the dictates of the statute governing the assignment of mortgages, [Giannasca has] no basis for arguing that the assignment is void. Regardless of whether any hidden problems [he seeks] to raise might provide a basis for a third party to claim that the assignment was potentially voidable, [Giannasca himself has] no right to raise such issues."[5] Wain, 85 Mass. App. Ct. at 504, 11 N.E.3d 633.
Judgment affirmed.

The day after Giannasca's bankruptcy proceeding was converted to a proceeding under Chapter 7 of the United States Bankruptcy Code, he filed a notice of intention to retain the property and to reaffirm the debt. He did not however, enter into a reaffirmation agreement with the creditor or file any such agreement with the Bankruptcy Court, the statutory requirements for reaffirmation of the debt. See 11 U.S.C. § 524(c) (2012).

Although Giannasca's brief is not clear on this point, we interpret his argument to be that the assignment was flawed because MERS made the assignment "solely as nominee for IndyMac Bank, F.S.B.," rather than "solely as nominee for IndyMac Bank, F.S.B., and its successors and assigns."

In light of our conclusion that the assignment from MERS to Deutsche Bank was valid and binding, we need not reach the question whether Giannasca was estopped from challenging the foreclosure by virtue of his notice of intent to surrender the property in the bankruptcy proceeding.